UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-3595 CAS (MRWx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | MISSION PROPERTY PARTNERS LLC V. CHANDRIKA L. LUND, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION TO REMAND** (filed May 23, 2013) [Dkt. No. 4]

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 24, 2013, is vacated, and the matter is hereby taken under submission.

On March 19, 2013, plaintiff Mission Property Partners LLC filed a complaint for unlawful detainer in the Los Angeles County Superior Court against defendants Chandrika L. Lund and Does 1 to 10. Plaintiff seeks possession of real property located at 8047 McGroarty Street in Sunland, California.

On May 20, 2013, defendant Chandrika L. Lund filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Dkt. No. 1. Defendant contends that this court has jurisdiction to hear the instant case because plaintiff, an alleged "debt collector," has violated various provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In addition, defendant asserts that diversity jurisdiction exists under 28 U.S.C. § 1332.

On May 23, 2013, plaintiff filed a motion to remand this case to state court. Dkt. No. 4. On June 13, 2013, defendant filed an ex parte application to continue the hearing on plaintiff's motion but did not otherwise file an opposition. Dkt. Nos. 7, 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV13-3595 CAS (MRWx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | MISSION PROPERTY PARTNERS LLC V. CHANDRIKA L. LUND, ET AL. | | |

## II.　ANALYSIS

The Court concludes that it lacks jurisdiction over this case and therefore must remand. First, cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court. 28 U.S.C. § 1331. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the complaint asserts only a single state law claim for unlawful detainer, which does not give rise to a federal question. See Dkt. No. 1. Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense or a counterclaim under the FDCPA. See McAtee, 479 F.3d at 1145. Simply put, "[a] federal defense or counter-claim does not give rise to federal-question jurisdiction." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for s. Cal., 463 U.S. 1, 14 (1983). Accordingly, the Court lacks subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Defendant also claims that the court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. However, defendant does not allege that plaintiff and defendant are citizens of different states, which is alone grounds for remanding this case. 28 U.S.C. § 1332(a)(1). Moreover, the amount in controversy does not exceed the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a). In unlawful detainer actions, the title to the property is not at issue—only the right to possession. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property. Id. Here, plaintiff expressly disclaims any entitlement to relief in excess of $10,000. See Dkt. No. 1. Accordingly, the Court lacks subject matter jurisdiction based on diversity of citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV13-3595 CAS (MRWx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | MISSION PROPERTY PARTNERS LLC V. CHANDRIKA L. LUND, ET AL. | | |

## III. CONCLUSION

In accordance with the foregoing, the Court hereby REMANDS this case to the Los Angeles County Superior Court. Because the Court finds it appropriate to decide this motion without oral argument, defendant's ex parte application and motion to continue the hearing is DENIED as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |